IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ALTAIR LOGIX LLC,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**TEXAS INSTRUMENTS INCORPORATED,**<br><br>　　　　　　Defendant. | C.A. No. 18-1065-MN |

### [PROPOSED] PROTECTIVE ORDER

WHEREAS, Altair Logix, LLC ("Plaintiff") and Defendant Texas Instruments Incorporated ("Defendant"), hereafter collectively referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order ("Order") limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

　　　1.　　Discovery materials produced in this case may be labeled as one of three categories: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively and individually, "DESIGNATED MATERIAL") as set forth below. Each Party may designate discovery materials as "DESIGNATED MATERIAL" under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or

material ("Protected Material").  This Order shall encompass not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Material.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

2. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: the designation of the category of Protected Material, i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the designation (i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as DESIGNATED MATERIAL.

3. Any document produced before issuance of this Order under the provisions of D. Del. Local Civil Rule 26.2 shall be treated as described in Rule 26.2 unless and until such document is re-designated by the producing Party to have a different classification under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as described herein shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as described herein may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. The producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the receiving Parties. A receiving Party shall not be in breach of this Order for any use of such discovery material before the receiving Party receives the discovery material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the discovery material should have been appropriately designated with a confidentiality designation under this Order.

5. Non-public documents, information or material produced in discovery in this action, including but not limited to DESIGNATED MATERIAL, shall be used by the receiving Party, and its witnesses, experts, consultants, and other persons involved as permitted recipients hereunder, only in the litigation of this action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or

descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

6. **CONFIDENTIAL**. This category of Protected Information contains information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or contain confidential and/or proprietary information not known or readily available to the general public. In determining whether information should be designated as "CONFIDENTIAL," each party agrees to use such designation only in good faith. CONFIDENTIAL documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

(a) outside counsel of record in this action for the Parties, including partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation and independent attorneys contracted to assist outside counsel in connection with this action and to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to three (3) representatives (including in-house counsel) for the Parties who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside counsel in the litigation of this action;

(c) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts have been retained by a Party or its counsel to serve as an expert witness, technical advisor or as a consultant in the this action and are not a current employee of a Party or of a Party's competitor; (2) before access is given, the consultant or expert has completed the Agreement to be Bound by Protective Order attached as Exhibit A hereto and the same is served upon the producing Party with (i) a current curriculum vitae of the consultant or expert, and (ii) a listing (by name and number of the case, and location of court) of any litigation in

4

      connection with which the outside consultant or expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, at least seven (7) days before access to the DESIGNATED MATERIAL is to be given to that consultant or expert. The producing party may object to and notify the receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant or expert within seven (7) days of receipt of disclosure of the expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the meet and confer, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    (d)    independent litigation support services retained by counsel and reasonably necessary to assist counsel with the litigation of this action, including persons working for or as court reporters, graphics or design services, photocopy, document imaging, and database services and jury or trial consulting services provided such jury or trial consultants have signed the Agreement to be Bound by Protective Order;

    (e)    mock jurors who have signed a form of the Agreement to be Bound by Protective Order;

    (f)    the Court, the jury, and the Court's personnel;

    (g)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

    (h)    an author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information. Such person shall be given access only to the specific document or information therein; and

    (i)    any other person with the prior written consent of the producing Party.

    7.    **CONFIDENTIAL – ATTORNEYS' EYES ONLY**. This category of Protected Material includes confidential information or items that the designating party has a good faith belief constitutes or contains trade secrets or other non-public, highly confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the

producing Party, and for which designating the material as "CONFIDENTIAL" would not provide adequate protection to the interest of the producing Party. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may include, without limitation: (i) technical information containing confidential information or items such as materials that show the internal technical structure, design or operation of products that have been made, imported, used or sold by the producing party; (ii) financial and/or other commercially-sensitive information (e.g., pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like); (iii) trade secrets; (iv) information subject to an obligation of confidentiality owed by the producing Party to a third-party; and/or (v) information subject to the privacy interest of any individual. In determining whether information should be designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY," each party agrees to use such designation in good faith. For Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a) and (c-g).

8. **RESTRICTED CONFIDENTIAL SOURCE CODE**. The RESTRICTED CONFIDENTIAL SOURCE CODE designation is reserved for Protected Material that contains a party's "Source Code Material," defined below, that the producing Party believes in good faith is (i) not generally known to others and has significant competitive value such that unrestricted disclosure to others would harm the producing Party, (ii) which the producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and (iii) is so commercially sensitive or confidential that the disclosure to another Party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY"

6

would not provide adequate protection to the interest of the producing Party. "Source Code Material" means documents containing or substantively relating to confidential, proprietary and/or trade secret schematics (that are not maintained in paper form in the ordinary course of business) or text that defines software, firmware, or electronic hardware descriptions written in human-readable programming language, including but not limited to, C, C++, Java, assembler, VHDL, Verilog, digital signal processor (DSP), and SQL, and further including comments to the above code, libraries referenced in the above code, build scripts, and version change histories. Source Code Material shall not include publicly available computer instructions, data structures, data schema, and/or data definitions publicly available through or publicly available on a Party's website, including, but not limited to, web pages, source code for webpages, databases, and files publicly available through or publicly available on a Party's website. No party shall knowingly produce publicly available source code with any confidential designation. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) ("Source Code Review Computer(s)") (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The Source Code Review Computer(s) may be connected to (i) a printer or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted below. The Source Code Computer(s) will be configured to prevent additional peripheral devices (*e.g.*, USB thumb drives) from being connected to them. Additionally, the Source Code Review Computer(s) may be located at the offices of the producing Party's outside counsel or at the producing Party's option, a secure escrow facility operated by a third party ("Review Facility");

    (b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Review Computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. (local time in the time zone where the stand-alone computer(s) are located). However, upon reasonable notice from the

      receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Review Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or Review Facility shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action;

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Review Computer(s) in order to access the produced Source Code Material on the Source Code Review Computer(s). The producing Party may not configure its Source Code Material in a manner that unreasonably impedes or slows the receiving Party's ability to inspect the Source Code Material or allows the Producing Party to monitor the Receiving Party's inspection (*e.g.*, key logging, video capture, etc.);

(d)    The producing Party will produce Source Code Material in computer searchable format on the Source Code Review Computer(s). The receiving Party shall be permitted to take notes; any notes taken during inspection of source code or based upon inspection of source code, must be taken on bound (spiral or other type of permanently bound) notebooks and must be marked "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall be treated as RESTRICTED CONFIDENTIAL SOURCE CODE under the terms of this Order. Any such notes shall not count towards the limitations on printing pages set forth below in paragraph 8(h). In addition, the receiving Party may not bring into the room housing the Source Code Review Computer(s) any recording devices, including, but not limited to, laptops or other portable computers; audio, image or video recorders; or wireless devices with data transmission capabilities or recording capabilities (e.g., cameras), unless agreed otherwise by the parties in writing;

(e)    The producing Party shall install tools that are sufficient for viewing and searching the source code produced, on the platform produced. At a minimum, these tools must provide the ability to (1) view, search, and line-number any source file, (2) search for a given pattern of text through a number of files, (3) compare two files and display their differences, and (4) compute the MD5 checksum of a file. If the receiving Party requires additional program(s) or review tool(s), the receiving Party shall provide (at the receiving Party's cost) a licensed copy of the additional program(s) or review tool(s) to the producing Party three (3) business days in advance of the inspection and the producing Party shall install them on the stand-alone computer upon a reasonable request from the receiving Party;

(f) Access to DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel of record (and their staff) and up to two (2) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(c) above;

(g) To the extent portions of Source Code Material are quoted in a document containing source code (a "Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h) In considering what is reasonable, the receiving Party shall not request printing of more than 200 total pages of hardware Source Code per TI accused product line/product family. No continuous blocks of Source Code or Chip Level Schematics that exceed 25 pages may be requested. If the receiving Party requires the printing of additional pages of source code beyond the limits stated herein, the Parties agree to negotiate in good faith to determine the extent of any modification of these limits. The receiving Party should provide the producing Party with specific identification of the Source Code Material it requests to be printed;

(i) Except as set forth in paragraphs 8(*l*)-(m) below, no additional copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(j) The receiving Party shall only request printing of those limited portions of the Source Code Material specifically necessary for a case activity (e.g.,

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

9

as evidence for trial or an exhibit for an expert's report). Counsel for the producing Party will keep the originals of all printed Source Code Material. Producing Party will produce a Bates-numbered copy of the originals of all printed Source Code Material to receiving Party within five (5) business days of the request for printing, unless otherwise agreed or the producing Party objects to the request. The Parties will cooperate in good faith if a different timeframe for production is required;

(k) The producing Party shall print every page of Source Code Material in no less than 10 point font and with information necessary to later identify that Source Code Material, such as, but not limited to, a header or footer, that identifies the file name and directory path and line number;

(l) The receiving Party may make up to three (3) copies of any Source Code Material received from the producing Party for use by its outside attorneys of record and Outside Consultants. The receiving Party shall ensure that any copies include a production number and "RESTRICTED CONFIDENTIAL SOURCE CODE" designation (i.e., they are not cut off or unreadable).  The producing Party shall further be responsible for bringing to depositions a minimum of three additional copies of one or more pages of Source Code Material that were printed at the receiving Party's request, all of which shall be left with the producing Party at the end of each deposition.  Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  Any request to bring Source Code Material to a deposition must be received no later than five business day prior to the deposition;

(m) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(n) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

10

       (o)      A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 8(f) above to another person authorized under paragraph 8(f) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

       9.      Any attorney representing the Plaintiff, whether in-house or outside counsel, and any person associated with the Plaintiff and permitted to receive the Defendant's non-financial or non-marketing Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, the Defendant's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application (collectively "prosecute") pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. To avoid any doubt, "Prosecute" as used in this paragraph does not include representing a Party for secretarial purposes, such as, for example, recording assignments and paying maintenance fees. For sake of clarity, all attorneys of

either Party may participate, supervise and assist in any and all *Inter Partes* Review (IPR) proceedings related to the patents-in-suit, even if they have received and/or reviewed the other HIGHLY SENSITIVE MATERIAL, provided that they do not participate or assist in any claim drafting or amendment of claims in such IPR proceedings.

        10.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

        11.    The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

12. No Party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents. Plaintiff need not log communications with counsel of record from earlier lawsuits involving the patent-in-suit or related patent to the extent such communications related solely the earlier lawsuit and do not concern or relate to Plaintiff's allegations against Defendant or Defendant's products.

13. Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26. Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order. Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery. No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon by such experts in formulating opinions or asserting facts that are presented in reports or trial or deposition testimony in this case.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under

this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (v) an independent contractor, consultant, and/or expert retained for the purpose of this litigation in compliance with paragraph 6(c); (vi) court reporters and videographers; (vii) the Court; or (viii) other persons entitled hereunder to access DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or within thirty (30) days after receipt of a final deposition transcript, designate the deposition transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition transcript shall be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

17. Without written permission from the producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Information or Material. In the event a Party wishes to use DESIGNATED MATERIAL in any pleading, motion, or other paper filed with the Court in this litigation, such pleading, motion, or other paper and Confidential Material shall be filed under seal pursuant to D. Del. Local Civil Rule 5.1.3 and other applicable rules of the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

21. To the extent that any discovery is taken of persons who are not Parties to this action (i.e., "Third Parties") and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business or technical information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate such discovery or testimony as appropriate pursuant to this Order.

23. Within thirty (30) days of final termination of this action, including any appeals, all Parties that have received any DESIGNATED MATERIAL shall be destroy or returned to the respective outside counsel of the Producing Party such DESIGNATED MATERIAL. Upon request by the Producing Party, destruction must be certified in writing. Notwithstanding the provisions for return of DESIGNATED MATERIAL, outside counsel may retain one set of pleadings, expert reports, correspondence, motion papers, discovery responses, deposition and trial transcripts, and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code Material.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court

for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Nothing in this Order shall prevent or otherwise restrict outside counsel of record from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of DESIGNATED MATERIAL. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose or reveal the substance or content of any DESIGNATED MATERIAL except as permitted by this Order.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

30. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party

subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

STAMOULIS & WEINBLATT LLC

 */s/ Stamatios Stamoulis*
Stamatios Stamoulis
800 N West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

OF COUNSEL:

David R. Bennett
(Admitted *pro hac vice*)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
*Attorneys for Plaintiff*
*Altair Logix LLC*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Jason J. Rawnsley*
Jeffrey L. Moyer (#3309)
Jason J. Rawnsley (#5379)
Tyler E. Cragg (#6398)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
rawnsley@rlf.com
cragg@rlf.com

OF COUNSEL:

Amanda A. Abraham
ROTH LAW FIRM, PC
115 North Wellington, Suite 200
Marshall, Texas 75670
(903) 935-1665
aa@rothfirm.com

John J. Patti
MILLER PATTI PERSHERN PLLC
5001 Spring Valley Road, Suite 400 East
Dallas, TX 75244
(214) 935-4930
john@mppfirm.com
*Attorneys for Defendant Texas*
*Instruments Incorporated*

IT IS SO ORDERED, this _____ day of _____, 2019.

_____
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ALTAIR LOGIX LLC,**<br><br>　　　　　Plaintiff,<br>　v.<br><br>**TEXAS INSTRUMENTS INCORPORATED,**<br><br>　　　　　Defendant. | C.A. NO. 1:18-cv-1065-MN<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

　　　　I, _____, declare that:

　　　　1.　　My address is _____.

My current employer is _____. My

current occupation is _____.

　　　　2.　　I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

　　　　3.　　I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

　　　　4.　　Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all

documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

       5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

      I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____